Merrimack, }
June 26, 1924.}

### STATE *v.* DANIEL F. GILES.

The official valuation of property for the purpose of taxation is inadmissible in a proceeding collateral to the assessment to determine its value, if the record contains no admission or claim as to value on the part of the taxpayer.

Under Laws 1917, c. 147, s. 22, the offense of a common seller of intoxicating liquor may be charged in general terms, viz., that the respondent was a common seller, without setting forth any particular acts; for the offense necessarily consists of a succession and continuation of various acts.

INFORMATION, filed by the solicitor of the county against the defendant as a common seller of intoxicating liquor as follows:

"The undersigned being County Solicitor for the County of Merrimack, now here in Court information makes against Daniel F. Giles of Concord, in said County, and says that said Giles on the 15th day of October, 1923, at Concord in said County with force and arms, not being authorized by law to sell intoxicating liquor, was a common seller of intoxicating liquor on that day as well as on divers days and times before that day, contrary to the form of the Statute in such case made and provided, and against the peace and dignity of the State.

Herbert W. Rainie,
October 16, 1923.          Solicitor for Merrimack County."

The information was filed October 16, 1923, and upon October 25, the respondent moved to quash the same for insufficiency and uncertainty. The motion was denied and the respondent excepted. There was a trial by jury with verdict of guilty.

The defendant claimed he kept a drugstore and the value of

the stock of goods kept by him becoming material on the trial, the state was permitted to put in evidence over the respondent's exception as tending to show the value of his stock, the record of its appraisal for taxation by the Concord assessors in 1923 and each year since 1919. In each year it was so valued at $1,000. The respondent had previously testified that he didn't know how much stock in trade he had or how it was appraised, that he made no return but left the matter to the assessors and accepted their judgment, but that the stock was worth more than $1,000. Transferred by *Branch*, J.

*Herbert W. Rainie*, solicitor, by brief and orally, for the state.

*Nathaniel E. Martin, Alfred W. Levensaler* and *Willian N. Rogers* (*Mr. Rogers* orally), for the respondent.

PARSONS, C. J. The solicitor concedes in his brief for the state that the official valuation of property for the purpose of taxation cannot be introduced as evidence of the actual value of the property. It is the law that the record of assessment is not competent proof of value in other proceedings. *Beers* v. *Davidson, ante,* 326; *Laird* v. *Railroad,* 80 N. H. 58; *Carlton's Petition,* 79 N. H. 48, 50; *Concord Land and Water Power Co.* v. *Clough,* 69 N. H. 609.

In trespass for assault and battery, a record of conviction upon a plea of guilty to a criminal complaint for the same act is admissible, while if the conviction be upon a plea of not guilty, the record is not admissible. The evidentiary force arises, not from the judgment but from the plea which, if guilty, is a confession of the truth of the charge and hence admissible in other proceedings. *State* v. *LaRose,* 71 N. H. 435, 438. Hence if the record had shown an admission or claim by the defendant that his stock in trade did not exceed $1,000 in value, the sum at which it was appraised by the assessors, the fact of such admission or claim would be competent against him for what it was worth. The court admitted the evidence because the defendant had testified he didn't know how much stock in trade he had and that he was content with the assessment of the assessors which he did not know about. The defendant had testified that he made no return for taxation but accepted the judgment of the assessors, that he did not know how much the stock was appraised but thought it worth more than $1,000. There is nothing in this evidence tending to prove an admission by the

defendant that the value of his stock in trade did not exceed $1,000. Having failed to file a return, he was necessarily bound by the judgment of the assessors so far as concerned his liability to taxation, but in the absence of any statement or claim by him as to value, his failure to object to the judgment of the assessors of which he had no knowledge is not an admission the property was not of greater value than the assessment court determined it to be. Whether the respondent kept a reputable drugstore or merely a place for the illegal sale of intoxicating liquor was the question in the case. The state made the amount of stock carried material on this issue and attempted to establish its contention by evidence plainly incompetent and repeatedly so held in this state. Only one result can follow a conviction obtained by the use of incompetent evidence upon a material issue. The verdict must be set aside. This result renders it unnecessary to consider other objections which go merely to the validity of the verdict, *i. e.* the denial of the motion for a bill of particulars, the argument of counsel and other objections to evidence. Any ground of objection in these respects if at all well founded can easily be avoided upon another trial.

The exception to the denial of the motion to quash the information remains to be considered because if such exception were sustained the result would be the discharge of the respondent instead of the remand of the case for further trial.

The statute under which the charge was laid against the respondent is:

"If any person, not being authorized by law to sell intoxicating liquor, shall be a common seller of intoxicating liquor, he shall be fined one hundred dollars ($100.) and shall also be imprisoned not less than three nor more than twelve months." Laws 1917, c. 147, s. 22. "The offence charged was one for which the penalty was not death, nor imprisonment for more than one year, and might be charged by information. . . . In the absence of the attorney-general, the solicitor was the proper officer to sign and present the information. . . . The offence charged was continuing in its nature, and might be alleged with a *continuando.* . . . A day certain, within the time limited by law for the recovery of a penalty, and prior to the filing of the information must be stated." *State* v. *Ingalls,* 59 N. H. 88, 89. The information charges the respondent in the language of the statute. The ground of the motion to quash the information is that it does not with sufficient certainty and definiteness describe the offense charged so as to give the defendant full information

of the nature and cause of the accusation against him. "Ordinarily, in indictments for offences created by statute, it is sufficient to describe the offence in the words of the statute." *State* v. *Perkins*, 63 N. H. 368; *State* v. *Keneston*, 59 N. H. 36. The statutory offense charged is that the respondent was "a common seller of intoxicating liquor," an offense necessarily consisting of a series of acts. "In case of such crimes it is not necessary that the indictment should state and enumerate the several acts relied on as evidence, nor give the names of persons concerned in them, nor describe the house or place. Thus a common scold, a common barrator, and the keeper of a common bawdy house may be indicted by those general terms without setting forth any particular acts; because the charges include in their nature a succession and continuation of acts, which do not belong to any particular period, but from [form] the daily habit and character of the individual offending." *State* v. *Prescott*, 33 N. H. 212, 214.

The offense of being a night walker is sufficiently charged in general words, *State* v. *Dowers*, 45 N. H. 543; likewise of the offense of keeping a disorderly house, *State* v. *Dame*, 60 N. H. 479. The offense of being a common seller of intoxicating liquor is within the reason of these cases. The words of the statute used in the information fully and accurately describe the offense, which consists of a succession or series of acts and the respondent being fully informed of the charge against him is not entitled also to be advised of the evidence by which the state proposes to prove its case. *Commonwealth* v. *Wood*, 4 Gray 11; *Commonwealth* v. *Pray*, 13 Pick. 359.

*Exception to refusal to quash the information overruled: exception to evidence sustained: new trial.*

All concurred.